■ TAP TAP, LLC, Appellant, v 558 SEVENTH AVE. CORP. et al., Respondents. [40 NYS3d 387]—

Order, Supreme Court, New York County (Carol R. Edmead,

J.), entered on or about June 30, 2015, which, in this action seeking declaratory and *Yellowstone* injunctive relief arising from an alleged breach of a lease for commercial property, denied plaintiff's objections to the validity of the notice to cure and notice of cancellation, unanimously affirmed, without costs. Order, same court and Justice, entered August 13, 2015, which, inter alia, dismissed the action without prejudice to specified further presentation by plaintiff; order, same court and Justice, entered November 20, 2015, which, inter alia, granted defendants' motion to resettle the August 2015 order to the extent of modifying the previous without-prejudice dismissal order and dismissing the action with prejudice; and order, same court and Justice, entered March 4, 2016, which granted plaintiff's motion to resettle the order dismissing the action with prejudice to the extent of limiting the "with prejudice" aspect to certain notice issues only, and which denied defendants' cross motion to dismiss the action, unanimously modified, on the law, to the extent of reinstating the complaint, and remanding the matter to Supreme Court to consider the timeliness and merits of plaintiff's *Yellowstone* application, and otherwise affirmed, without costs.

On or about April 3, 2015, defendants served a 15-day notice of default on plaintiff tenant, citing five open violations with respect to the commercially leased space. On April 22, 2015, after the cure period expired, defendants served plaintiff a three-day notice of cancellation, advising plaintiff that it continued to violate the lease by failing to remove the conditions that led to the violations being filed against the building, and terminating the lease effective April 25, 2015.

On May 13, 2015, defendants commenced a summary holdover proceeding in Civil Court seeking plaintiff's eviction based upon the lease cancellation, and on May 18, 2015, plaintiff commenced the instant action seeking declarations that the notices were nullities, that plaintiff is not in default of the lease because the alleged violations do not constitute material breaches, and that the issuance of the notice of cancellation was improper because plaintiff had diligently and in good faith undertook to remove the violations. Plaintiff also sought injunctions prohibiting defendants from recovering the premises so long as plaintiff worked towards removing the violations and requiring defendants to cooperate with those efforts.

On June 2, 2015, plaintiff moved in Supreme Court by order to show cause for a *Yellowstone* injunction to stay and toll the 15-day notice, to stay the termination pursuant to the notice of

cancellation, and to stay the holdover proceedings. After initially granting an interim stay, the court vacated it to address the threshold issue regarding the facial validity of the notices, and in the order entered June 30, 2015, the court held that plaintiff's objections to the notices on the ground that they were invalid and fatally defective lack merit; plaintiff's appeal of that ruling is unavailing. The court further set a conference to discuss the issue of "ability to cure," and prior to the conference, defendants cross-moved to dismiss the complaint and opposed plaintiff's application for *Yellowstone* relief. At the August 4, 2015 conference, the court ordered that plaintiff's "order to show cause is resolved to the extent that the action is dismissed without prejudice." It further held that "dismissal shall be lifted and the case reopened upon presentation by plaintiff of documentary evidence establishing 'cure' of outstanding DOB violations and compliance with lease provisions."

The court's August 2015 order was erroneous. The court improperly resolved plaintiff's order to show cause seeking *Yellowstone* relief without applying the proper standard for such relief, and improperly dismissed the entire action, sua sponte, when there was no basis for the court to do so. The court also improperly conditioned reopening the action based on presentation of evidence establishing that the violations had been cured when plaintiff was not required to make such a showing in order to assert its claims or obtain a *Yellowstone* injunction. The subsequent orders that modified the August 2015 order failed to resolve the errors, and instead compounded them.

Accordingly, the matter is reopened, the complaint reinstated, and the matter remanded to Supreme Court to consider whether, under the circumstances, plaintiff's *Yellowstone* injunction was timely filed (*see Village Ctr. for Care v Sligo Realty & Serv. Corp.*, 95 AD3d 219 [1st Dept 2012]), and otherwise warranted on the merits (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Webber, JJ.